NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUO HUA KE, | : |
|                 Petitioner, | : Civil Action No. 10-4842 (SRC) |
| v. | : **OPINION** |
| ERIC HOLDER, JR., et al. | : |
|                 Respondents. | : |

**CHESLER**, District Judge

    Respondents Eric Holder, Jr., Attorney General of the United States; Janet Napolitano, Secretary of the Department of Homeland Security; Christopher Shanahan, Director, Office of Detention and Removal Operations, New York Field Office; Patrick Heerey, Deportation Officer; Oscar Aviles, Director, Hudson County Department of Corrections; John Doe and Jane Roe, United States Immigration and Customs Enforcement Agents 1-20; and John Doe and Jane Roe Interpreters 1 & 2 (collectively "Respondents") have filed a motion to dismiss [docket entry no. 10-1] the Petition for Writ of Habeas Corpus filed on September 20, 2010 by Guo Hua Ke ("Petitioner").  Petitioner has not filed opposition to the motion.  The Court has considered the papers filed by the parties and ruled on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will grant the motion to dismiss.

I.     **BACKGROUND**

Petitioner, Guo Hua Ke, a native of China, was granted an order of voluntary departure by an immigration judge on March 25, 1998, pursuant to section 241(a)(1)(B) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1231(a)(1)(B) (1995).  Petitioner appealed the immigration judge's order to the Board of Immigration Appeals ("Board").  The Board dismissed the appeal on January 14, 2003, rendering Petitioner subject to a final order of removal as of that date.  On September 8, 2010, United States Immigration and Customs Enforcement ("ICE") took Petitioner into custody pursuant to the final order of removal.  Petitioner was subsequently transferred from ICE custody into the custody of the U.S. Marshal's Service on or about October 7, 2010, in connection with a September 29, 2010 indictment in the Southern District of New York on criminal charges for harboring and conspiracy to harbor illegal aliens.

On September 20, 2010 Petitioner filed this action as a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  He additionally filed a motion for change of venue on October 21, 2010, seeking to transfer the case to the United States District Court for the Southern District of New York.  Petitioner argues that his detention is unconstitutional pursuant to the Fourth and Fifth Amendments to the Constitution, alleging that the manner in which he was taken into custody by ICE contravened his constitutional rights.  Petitioner further claims that his detention is unlawful because the applicable removal period has expired and his removal is not likely to occur in the reasonably foreseeable future.

**II.     LEGAL ANALYSIS**

    **A.     Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims have facial plausibility. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). This means that the Complaint must contain sufficient factual allegations to raise a right to relief above the speculative level, assuming the factual allegations are true. *Id.* at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

    **B.     Discussion**

Respondents move to dismiss the complaint on the basis that a habeas corpus petition is

the improper means for challenging the lawfulness of Petitioner's detention.  A federal court has jurisdiction to issue a writ of habeas corpus to a petitioner who has not yet been convicted and is being detained prior to trial.  28 U.S.C. § 2241(c)(1).  To state a claim for relief, a petitioner must allege that his detention violates the Constitution or a federal statute.  28 U.S.C. § 2241 (c).  However, merely because a District Court has jurisdiction to entertain a petition filed under 28 U.S.C. § 2241 by a petitioner who has not yet been convicted, it does not mean that the petitioner is seeking an appropriate pretrial remedy.  *See Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008).  In *Whitmer*, the United States Court of Appeals for the Third Circuit held that, "[w]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." *Id*.  The *Whitmer* Court found that the petitioner in that case was not entitled to habeas corpus relief because he had adequate remedies available to him in his pending criminal case.  *Id*. (citing *Gov't of the Virgin Islands v. Bolones*, 427 F.2d 1135, 1136 (3d Cir. 1970) ("Once a valid indictment or information has issued, the legality of arrest and the constitutionality of police activities must be tested by challenging the admissibility of evidence, rather than by habeas corpus."))

     Petitioner seeks a writ of habeas corpus to challenge the constitutionality of his detention, asserting that it is in violation of his rights under the Fourth and Fifth Amendments.  He argues that the Court has habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241 since he has not yet been convicted and is being detained prior to a criminal trial in the Southern District of New York.  While the Court has jurisdiction to consider the petition, federal pretrial detainees generally must exhaust all other available revenues for relief, including pretrial motions and the

expedited appeal procedure.  Because Petitioner is currently detained pursuant to a pending matter, adequate remedies are available to him in that criminal case and, therefore, he is not entitled to habeas corpus relief.

Petitioner additionally contends that his detention is unlawful because the applicable 90-day removal period in his case expired in 2003 and his removal is not reasonably foreseeable as required by *Zadvydas*.  *See generally Zadvydas v. Davis*, 533 U.S. 678 (2001).  Petitioner is correct in stating that if removal is not effected within 90 days, any post-removal-order detention is subject to a temporal reasonableness standard of six months, after which time an alien must be released if he can establish that his removal is not reasonably foreseeable.  *Id*. at 701.  However, Petitioner is not currently being held by United States Immigration and Customs Enforcement pursuant to his removal order but is instead under the custody of the U.S. Marshal's Service in connection with his pending criminal proceedings in the Southern District of New York.  Therefore, *Zadvydas* and its progenies are inapplicable here.  Accordingly, Petitioner's motion for change of venue is moot.

### III. CONCLUSION

For the foregoing reasons, this Court will grant Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  An appropriate form of order will be filed together with this Opinion.

  s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

DATED: February 3, 2011